HAMITER, Justice.
The defendant herein, Sergeant Clifford A. Reuther, was indicted on a charge of *1040 perjury in violation of LSA-R..S. 14:123, he allegedly having testified falsely when a witness before, and under an oath administered by, the Special Citizens Investigating. Committee of the New Orleans Commission Council. He filed a motion to quash the indictment, and it was sustained by the trial court. From the ruling or judgment the state is prosecuting this appeal.
The Special Citizens Investigating Committee (hereafter referred to as the S.C.I. C.) was created by Ordinance No. 18,531 C.C.S., as amended by Ordinance No. 18,610 C.C.S. Its purpose, broadly stated, was to conduct an investigation into the affairs of the New Orleans Police Department; and in connection therewith Section 3 of the ordinance provided, among other things, as follows: “ * * * That for the purpose of carrying out the provisions of this Ordinance the Citizens Committee shall have the power to:
“A. Conduct private or public inquiries, hearings, or other proceedings necessary and customary for the achievement of the purpose of this ordinance. * * *
“B; Summon and examine witnesses, whether public officers and employees or other persons, and to that end to summon and compel their attendance.
******
“D. Administer oaths and take depositions .or cause depositions to be taken.
Under his motion to quash, as we appreciate it, the defendant contends that the Commission Council of the City of New Orleans was without power to authorize the S.C.I.C. to administer oaths and take testimony and, hence, he cannot be guilty of perjury inasmuch as the law denouncing the offense before a board requires that such board be legally authorized to administer the oath and take testimony. And in support of the contention the brief of his counsel cites numerous decisions of this court, all of which may be considered and discussed in two separate groups.
In the first group are holdings which involve the well recognized doctrine that as a general rule legislative power, conferred under constitutional provisions, cannot be delegated by the Legislature. But clearly they are inappropriate here, for the granting of authority to administer oaths and take testimony does not constitute a delegation of a purely legislative function. In fact, defense counsel find; no fault with the delegation contained in the Charter of the City of New Orleans to the Commission Council of authority to administer oaths; moreover, in oral argument, he conceded that if such charter had provided for a redelegation of such power to the S.C.I.C. it would have been legal.
The cases in the other group on which counsel relies deal with an unauthorized redelegation of power which the Legislature legally granted in the first instance. It could be argued forcefully, even if not successfully, that such decisions are not applicable to the instant cause for the rea *1042 son that the New Orleans Commission Council was proceeding under a direct constitutional grant of authority, Article 14, Section 22 of the Louisiana Constitution, LSA, having specifically recognized and declared that the City of New Orleans has “a home rule charter consisting of Act 159 of 1912 as amended through the Regular Legislative Session of 1950, which said home rule charter may be amended or replaced only as hereinafter provided.”
But be that as it may, and assuming that the grant of authority to such city, was only legislative, the mentioned home rule charter was sufficiently broad to authorize a redelegation to the S.C.I.C. of the right to administer oaths just as the Commission Council sought to do. Many parts thereof are replete with language indicating an intention to grant to the city the most sweeping powers. Particularly is this true of Paragraphs (d), (e) and (h), of Section 1, which provide:
“(d). The City of New Orleans shall also have all powers, privileges and functions which by or pursuant to the Constitution of this State have been, or could be granted to, or exercised by any city, and shall have power to pass ordinances, and to exercise full police power in connection with any function of municipal government within the territorial limit's 'of said city-, including the right, power and authority, to pass ordinances on all subject matters, including subject iriatters which the Legislature has reserved to itself the right to regulate, but has not regulated, or has not fully regulated, on which the Legislature has reserved to itself the right to legislate, but has not legislated, or has passed general or special laws which do not cover the entire subject matter, and on any and all other subject matters without exception, regardless of whether or not the Legislature has enacted special or general laws upon the same subject matter, subject only to the limitation that the provisions of said ordinances shall not directly conflict with the provisions of any state laws upon the same subject matter.
“(e). All powers of the city shall, except as otherwise provided in this charter, be vested in its elective officers, subject to the distribution and delegation of such poivers as provided in this charter or by ordinance.
ifc j{c ifi *
“(h) The legislative, executive and judicial powers of the City of New Orleans shall extend to each and every matter of local and municipal governments. The enumeration of particular pozvers of this Charter shall not -be ■held or deemed to be exclusive, but in addition to the powers enumerated, therein or implied thereby or appropriate to the exercise of such powers, it is intended that the City of New *1044 Orleans shall have and may exercise all powers, police or otherwise, which under the Constitution of the State of Louisiana, it will be competent for this charter specifically to enumerate. All powers of the City, whether expressed or implied, shall be exercised in the manner prescribed by this Charter, and if not prescribed therein, then in a manner provided for by ordinance or resolution of the Council, it being the intent thereof that this Charter shall never be construed as impairing or restricting the effect of the general grant of pozvers of local self-government, which are hereby bestowed(Italics ours.) •
Thus, -in language which can bear no other interpretation, the home rule charter has provided that the City of New Orleans, through its elective officers, shall have every power which the Legislature could grant in keeping with the provisions of our Constitution. And since the Legislature could have constitutionally authorized the City of New Orleans to redelegate its concededly possessed power to administer oaths and take testimony, such right of redelegation was included in and accorded by the charter.
For the reasons assigned the judgment appealed from is reversed and set aside, the motion to quash is overruled, and the case is remanded for further proceedings according to law.